IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____
DAVID ACEVEDO, Individually and on Behalf of All )
Those Similarly Situated,                                              )
                                                                                        ) Case No.:_____
Plaintiffs,                                                                          )
                                                                                        )
v.                                                                                     )
                                                                                        )
ELITE LAWNS, INC. and DARRELL MCMILLIN, )
Jointly and Severally,                                                     )
                                                                                        )
Defendants.                                                                    )
_____)

**COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff, David Acevedo, individually and on behalf of all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.   Defendants operate a landscaping, hardscaping, and erosion control company called Elite Lawns, Inc. based out of McDonough, GA.

1

2. Plaintiff worked for Elite Lawns, Inc. as a laborer.

3. Plaintiff was paid straight-time for all hours worked, despite working in excess of 40 hours per week throughout his employment.

4. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff, and have yet to receive redress is unknown at this time, but believed to be at least 20.

5. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiff performs work for Elite Lawns, Inc. in McDonough, Georgia, which is in

Henry County.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

9. Plaintiff, David Acevedo, was at all relevant times, an adult individual residing at 428 Sylvia Dr., Apt. E7, Forest Park, GA, 30297, which is in Clayton County.

**Defendants:**

10. Defendant Elite Lawns, Inc., is an active Georgia corporation. Its principal place of business is 164 Andrew Dr, Ste. 200, Stockbridge, GA, 30281, which is in Henry County.

11. Upon information and belief, Defendant Darrel McMillin is an owner, officer, director and/or managing agent of Elite Lawns, Inc. Mr. McMillin's address is 230 English Oaks Ln., GA, 30253, which is in Henry County.

12. Darrel McMillin (the "Individual Defendant") participated in the day-to-day operations of Elite Lawns, Inc., and acted intentionally and maliciously. The

3

individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Elite Lawns, Inc. (the "Corporate Defendant").

13. Upon information and belief, the Individual Defendant set the unlawful payroll policies complained of in this complaint for the Corporate Defendant.

14. At all relevant times, Defendants have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

15. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

16. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, in that they operate a landscaping, hardscaping and irrigation company that obtains and uses products such as lawnmowers and landscaping tools from various parts of the United States, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

17. At all relevant times, Defendants have been in the landscaping, hardscaping

4

and irrigation industry, supplying customers with housing repairs and improvements.

18. Upon information and belief, the Individual Defendants handle payroll and record keeping for the Corporate Defendant, and are actively involved with the Corporate Defendant's day-to-day operations.

19. Plaintiff Acevedo was employed by Defendants as a laborer. Mr. Acevedo's job duties include: sod laying, mowing, trimming, planting, watering, fertilizing, digging, raking, and sprinkler installation. Mr. Acevedo worked for Defendants from May 16, 2015 until July 30, 2017 (115 weeks).

20. Mr. Acevedo typically started work at 7 a.m. and finished work at 6 p.m., for a total of 11 hours per day. Mr. Acevedo typically worked 5 days a week, but would also work six days a week during busier periods.

21. Mr. Acevedo was paid $13.50 per hour, and worked an average of 50 hours per week. This amounts to 40 regular hours plus 10 overtime hours worked in an average week. Mr. Acevedo was paid straight-time for all hours worked, despite working well in excess of 40 hours per week throughout his employment.

22. This failure to pay overtime premium wages to this hourly employee can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. §

255(a).

## STATEMENT OF CLAIM

23.     Mr. Acevedo worked 50 hours per week, which includes 40 regular hours and 10 overtime hours. Mr. Acevedo was paid straight-time for all hours worked. His rate of pay was $13.50 per hour, so his "half-time rate" is $6.75 per hour, for the purposes of computing overtime.[1] 10 overtime hours multiplied by $6.75 half-time rate, equals $67.50 unpaid overtime premium per week. The relevant employment period is June 21, 2015 to July 30, 2017 (110 weeks). 110 weeks multiplied by $67.50 unpaid overtime per week, equals $7,425 in unpaid overtime premium wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $7,425 plus $7,425, which equals $14,850.

24.     Therefore, Plaintiff Acevedo is owed $14,850.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

---

[1] The half-time rate is determined by dividing the regular rate of pay by 2.

> All persons employed by Defendants, at any time since June 21, 2015, and through the entry of judgment in this case (the "Collective Action Period") who worked as a laborers, landscapers, irrigation workers, and all other hourly employees (the "Collective Action Members").

26. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

27. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff, and have yet to receive redress is unknown at this time, but believed to be at least 20.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

28. Plaintiff, on behalf of himself, the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

29. As a result of Defendants' failure to compensate its employees, including

Plaintiff and Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

30. Defendants have failed to pay overtime to this hourly employee, with no colorable argument as to why this worker is exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: June 21, 2018

                                        Respectfully submitted,

                                        **s/ Brandon A. Thomas**
                                        **BRANDON A. THOMAS**
                                        **GA BAR NO.: 742344**
                                        The Law Offices of Brandon A. Thomas, PC
                                        1800 Peachtree Street, N.W., Suite 300
                                        Atlanta, GA 30309
                                        Tel: (404) 343-2441
                                        Fax: (404) 352-5636
                                        brandon@brandonthomaslaw.com